# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>JOHN A. TODHUNTER,<br><br>    Debtor. | Case No. 10-17406-RGM<br>(Chapter 11) |
| JOHN A. TODHUNTER,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST SAVINGS MORTGAGE CORPORATION,<br><br>    Defendant. | Adv. Proc. No. 10-1557 |

## **MEMORANDUM OPINION**

This case is before the court on the debtor's motion for an expedited hearing and for a temporary stay. The complaint seeks to prevent a trustee's sale of real property owned by the debtor and his wife as tenants by the entirety.

First Savings Mortgage Corporation loaned the debtor's wife $940,000 on February 21, 2006. The loan was a construction loan that was due one year later, on February 20, 2007. The debtor asserts that First Savings agreed when it made the construction loan to convert it to permanent financing but breached the agreement by not doing so. The note was secured by a deed of trust on real property owned by the debtor and his wife as tenants by the entirety. Both executed the deed of trust. Servicing on the note was transferred to GMAC Mortgage as of December 31, 2008. GMAC Mortgage mailed the debtor's wife a letter dated January 5, 2009, acknowledging the transfer

of the servicing to it. The following day, it mailed a Debt Validation Letter to the debtor's wife advising her that the note was in default and that the note was currently owned by Residential Funding Corp.

This bankruptcy case is the debtor's second bankruptcy case. The first was filed on May 24, 2010, under chapter 13 of the Bankruptcy Code. *In re John A. Todhunter,* Case No. 10-14282-RGM (Bankr.E.D.Va 5/24/2010). First Savings filed a motion for relief from the automatic stay on June 9, 2010. (Docket Entry 12). The debtor filed a response on June 22, 2010, admitting the debt and that First Savings' "interest in the Note is secured by a Deed of Trust." He stated that the property was necessary for his effective reorganization and that he was in the process of obtaining funds to refinance" the debt. (Docket Entry 19).

The debtor's chapter 13 plan contained no provision concerning the note or the deed of trust. First Savings and another creditor objected to confirmation of the debtor's chapter 13 plan because their claims were not addressed in the plan. The chapter 13 trustee objected because, he alleged, the debtor exceeded the debt limits in §109(e) of the Bankruptcy Code.

First Savings' motion for relief from the automatic stay was granted and an order was entered on July 26, 2010. The following day, the debtor moved to dismiss his case. The order of dismissal was entered on July 28, 2010.

The debtor filed his second bankruptcy case under chapter 11 on September 1, 2010. While he was represented by counsel in the chapter 13 case, he is not represented by counsel in this case. First Savings filed a motion for relief from the automatic stay on September 2, 2010. The debtor did not contest the underlying loan transaction in his response, specifically not contesting First Savings' allegation that its "interest in the Note is secured by a Deed of Trust." A preliminary hearing on the

motion for relief was held on October 6, 2010. The court noted at the preliminary hearing that the automatically stay expired thirty days after the case was filed because it was the second case filed within one year but set a final hearing on the motion for November 17, 2010. 11 U.S.C. §362(c)(3)(A). First Savings withdrew its motion for relief on October 27, 2010, and the debtor sought an extension of the automatic stay on November 15, 2010. The motion to extend the stay was denied at the hearing originally set as the final hearing on First Savings motion for relief on November 17, 2010. The order was entered on November 18, 2010.

This adversary proceeding was commenced on December 29, 2010. The debtor asserts that First Savings noticed a foreclosure of the real property for January 6, 2011. He asserts that the foreclosure sale should not go forward because he was not given proper notice, the trustee under the deed of trust does not have proper authority to conduct the foreclosure sale because First Savings Mortgage Corporation is not the noteholder, the amount asserted due is incorrect, and the bank breached its contract to convert the construction loan into permanent financing. The debtor also asserts that there is equity in the property and that it is necessary for his effective chapter 11 reorganization. He seeks an emergency hearing for a temporary injunction of the scheduled sale.

The critical issues raised by the complaint are the propriety of the scheduled trustee's sale. The are issues notice and authority. Neither is a bankruptcy matter. Both are controlled by state law and are routinely brought in state court. The debtor still has time to present them to the state court.

The second set of issues relate to the ability of the debtor to successfully reorganize. These are bankruptcy matters that can only be adjudicated in this court and were in fact decided adversely

to the debtor in his first bankruptcy case.[1]  The loan was originally due February 20, 2007 and has not been paid.  In response to the first motion for relief, the debtor stated that he was in the process of refinancing the obligation, but apparently has not achieved this objective.  The Internal Revenue Service filed a proof of claim in the first bankruptcy case asserting that there were unpaid income taxes for the years 2005 through 2009.  With a note that is almost four years past due and at least five years of unpaid income taxes, the court is likely to find, as it did in the first bankruptcy case, that the prospects of a successful chapter 11 reorganization are dim.

The final consideration is Congressional policy.  Congress expressly limited the effect of the automatic stay in serial filings by providing that, unless extended within thirty days after filing, it expired on the thirtieth day after filing.  11 U.S.C. §362(c)(3)(B) ("the court may extend the stay . . . after notice and a hearing completed before the expiration of the 30-day period").  It wanted to curtail abuses by serial filings, particularly those made at the last moment.  That is what happened here.  This was a second fling within a year.  The debtor's effort to obtain a belated extension was unsuccessful.  This adversary proceeding seeks to accomplish indirectly that which may not be achieved directly.

In order to obtain the temporary relief the debtor seeks, he needs to make some showing that he has some likelihood of success on the merits.  The allegations in the complaint and the motion do not add much to the record.   The GMAC letters referring to Residential Funding Corp. as the noteholder are more than two years old and the cases contain two more recent assertions and admissions that First Savings has an interest in the note.  The note is in default by virtue of its

---

[1] Reorganization depends on the claims which in this case are matters of state law.  If the state court determines that the foreclosure cannot go forward, this court can address the reorganization issues.

February 20, 2007 maturity date. The debtor's inability to resolve this matter in the intervening four years, his failure to make any provision in his chapter 13 plan, and his inability to obtain alternate financing over the last six months all point to the debtor's likely inability to successfully reorganize. The likelihood of success on the merits is not good.

As to the request for an expedited hearing, the debtor has had the benefit of the automatic stay on two prior occasions and had unsuccessfully sought to extend the automatic stay in the second case. The Congressional policy of preventing abuse of the automatic stay by automatically terminating it in certain circumstances is clear. This complaint seeks to circumvent that policy. The debtor has had amble time to pursue his remedies in this court and in state court. Any emergency is of the debtor's own making. He is not without a remedy. He still has a little time left within which he may seek such relief in state court for matters arising under state law.

Alexandria, Virginia
January 4, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

John a. Todhunter
P.O. Box 109
Delaplane, Virginia 20144

John T. Donelan

16542